John J. Menas v. Commissioner.
Menas v. Commissioner
Docket No. 2584-67.
United States Tax Court
T.C. Memo 1969-114; 1969 Tax Ct. Memo LEXIS 182; 28 T.C.M. (CCH) 603; T.C.M. (RIA) 69114; June 9, 1969, Filed *182 The petitioner, an internal revenue agent, attended the University of Chicago Graduate School of Business as a candidate for the degree of Master in Business Administration. Held, petitioner's primary purpose in taking courses at the Graduate School was not merely to maintain or improve his job skills and, in fact, said courses did more than that by qualifying him for a more responsible position. Consequently the costs of the courses did not bear the requisite proximity to his trade or business to be deductible under section 162 but instead represented personal expenses which are nondeductible under section 262. John J. Menas, pro se, 459 W. Briar Pl., Chicago, Ill. Richard M. Kates, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: The Commissioner determined a deficiency in petitioner's income tax for the calendar year 1964 in the amount of $228.82. *183 The only issue for decision is whether the amount of $911.75 expended by petitioner for courses at the University of Chicago Graduate School of Business is deductible as an ordinary and necessary business expense under section 162(a) of the Internal Revenue Code of 1954, [1] or whether this expenditure represents a nondeductible personal expense under section 262. 604 Findings of Fact Some of the facts have been stipulated. The stipulation of facts and the exhibit attached thereto are incorporated herein by this reference. The residence of John J. Menas (hereinafter referred to as petitioner) at the time of filing the petition herein was Chicago, Illinois. He filed his individual Federal income tax return *184 for the calendar year 1964 with the district director of internal revenue at Chicago, Illinois. During the years 1956 through 1959, the petitioner attended Wright Junior College and De Paul University, both located at Chicago, Illinois. He received credit for 30 semester hours (10 courses) of accounting from these two schools. While at De Paul University, the petitioner also took three courses in finance, three courses in management, and two courses in marketing. On July 6, 1959, the petitioner entered the employment of the Internal Revenue Service as an agent trainee. He was continuously employed as a revenue agent from that date until his resignation from the Internal Revenue Service on October 28, 1966. The petitioner's principal duty as an agent was to examine tax returns filed by individuals, corporations, and trusts. Petitioner qualified for the position of internal revenue agent on the basis that he possessed the necessary minimum job requirements of 4 years of college level undergraduate work which included at least 24 semester hours of accounting courses. Petitioner was not required by his employer to have a college degree in order to assume and carry out his duties *185 as a revenue agent. However, subsequent to the commencement of his employment with the Internal Revenue Service, he did receive the degree of Bachelor of Science from De Paul University on June 8, 1960. Petitioner passed the Illinois Certified Public Accounting examination in 1963. This undertaking was also not at the behest of petitioner's employer, the Internal Revenue Service. At various stages in his career development, petitioner was given certain "inservice classroom training" by the Internal Revenue Service. The subject matter covered by this training program included courses in basic and advanced income tax law, and financial management as it relates to accounting for taxes. In addition to this required training, various voluntary Internal Revenue Service home study courses in supplementary fields were available to petitioner, which he chose not to take. During 1964, the petitioner attended the University of Chicago Graduate School of Business (hereinafter referred to as the Graduate Business School) as a candidate for the degree of Master in Business Administration. The Internal Revenue Service did not request or otherwise require him to take courses in this program. *186 In fact, no evidence was introduced that the Service was even aware of the fact that the petitioner was attending Graduate Business School. In his application for admission to the Graduate Business School, petitioner submitted the following statement of his academic objectives: I have been employed by the Internal Revenue Service for the past four and a half years as a field agent. I am qualified to practice as an accountant or as an income tax advisor or a combination of both. I could find employment with a CPA firm or in private industry. If I chose private industry I would be qualified for a position equalling to assistant comptroller. However, I have found that I would be limited in that I am not trained in the areas of corporate finance and investment. This would mean my future in private industry is limited to my present qualifications in accounting or income tax. Upon entering the Graduate Business School, petitioner made the determination that he would major in financial management. The numbers and descriptions of the courses taken by petitioner during the year in issue as they appear in the Graduate Business School's 1965 catalogue are as follows: 300. BUSINESS ECONOMICS *187 I. Economics analyzis of the business firm and its environment, with emphasis on market structure, production possibilities and cost factors, the development of logical models useful for making or explaining business decisions and for understanding the economics of the firm. * * * 320. STATISTICS. An introduction to statistical concepts and methods of organizing and interpreting data. Numerous examples, drawn from many fields, illustrating both effective and fallacious uses of statistics. Intended for 605 consumers rather than producers of statistical material, and for purposes of general education. * * * 303. BUSINESS FLUCTUATIONS. The macro-structure and operation of the economic system; analyzing and forecasting fluctuations in national income and product, employment and prices; the impact of these changes on business management; the influence of monetary and fiscal policies. * * * 385. PUBLIC POLICIES TOWARDS BUSINESS. Analysis of public policies, as represented by laws, court decisions, and governmentally administered programs, as they affect efficiency in the public and private sectors, employment and price levels, and business decision-making. * * * 340. PERSONNEL *188 MANAGEMENT AND INDUSTRIAL RELATIONS. A broad survey of basic ideas, data, and problems in this field, including material about the labor force and labor market, management's policy alternatives, unions, selected issues in the employment relationship, and some public policy problems. * * * 315. ACCOUNTING FOR MANAGERIAL DECISION-MAKING. Deals with the identification of costs relevant for decision-making and the accounting and mathematical techniques used in determining, analyzing, and applying these costs to decision problems. * * * 330. FINANCIAL MANAGEMENT. A study of the theory of assembling and investing capital. The course considers principles for deciding which capital-using projects to undertake, and how much to spend on them, and principles for determining the best combination of short-term debt, long-term debt, and equity with which to carry out these projects. * * * The petitioner was placed on probation following two quarters of study at the Graduate Business School. He was denied further registration after approximately 1 year of study and consequently was never awarded a degree of Master in Business Administration. In his individual Federal income tax return for *189 the calendar year 1964, petitioner claimed a deduction in the total amount of $911.75 for expenses incurred in connection with his studies at the Graduate Business School. In a schedule attached to his return, petitioner gave the following explanation for this deduction: Educational Expenses - To improve skills required by present employment T.I.R. No. 76 4/11/58 U. of C. Graduate School of Business $911.75 The Commissioner's determination that this deduction should be disallowed as a personal expense within the meaning of section 262 resulted in a deficiency of $228.82 in petitioner's tax liability for the calendar year 1964. Opinion Petitioner contends that the expenses he incurred in attending the Graduate Business School are deductible as "ordinary and necessary business expenses" within the purview of section 162(a). [2] He further contends that a portion of respondent's own regulations, section 1.162-5(a)(1), [3] which defines when educational expenses qualify as deductible business expenses, supports his position. The aforenoted provision of the regulations, which were adopted in T.D. 6291, 1958-1 C.B. 63, reads as follows: *190 § 1.162-5 EXPENSES FOR EDUCATION. - (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business * * * Obviously the key words in the language quoted above are expenses incurred in "maintaining or improving skills" which relate to the taxpayer's employment. This *191 Court has had occasion several times within recent months to consider the foregoing regulation. James A. Carroll, 51 T.C. 213 (1968), on appeal (C.A. 7, Jan. 29, 1969); N. Kent Baker 51 T.C. 243 (1968); and Lawrence H. Bakken, 51 T.C. 603 (1969), on appeal (C.A. 9, April 11, 1969). As we noted in N. Kent Baker, supra,: Whether expenditures are for education undertaken primarily for the purpose 606 of "maintaining or improving skills" required by the taxpayer in his employment must be determined from all the facts and circumstances involved. * * * In James A. Carroll, supra, we examined the same regulation and applied it to the facts and circumstances of that case, the issue of the deductibility of the cost of college courses taken by a policeman. We said: * * * The regulations allow a deduction for education that maintains or improves skills, but what we have in this case is an education designed to increase the petitioner's general understanding and competency. * * * What he will secure as a result of his general *192 college education will be of great value to him, socially, aesthetically, and otherwise. No doubt, it will help him be a better policeman. However, we think that for a business deduction to be allowed, there must be a showing of a more direct and substantial relationship to his skills in his employment. * * * Similarly, we find that the petitioner here involved has failed to establish that his primary purpose in taking the courses at issue was to maintain or improve his skills as a revenue agent, or even from an objective point of view, that the value of such courses had any substantial relationship to maintaining or improving such skills. He contended at the trial that the courses he took at Graduate Business School were no more than "a brushup or review" of what he had learned from comparable courses taken in undergraduate school. Not unpredictably the Associate Dean of the Graduate Business School testified that the courses offered by his school were not a mere repetition of courses offered in undergraduate schools of business. It seems to us, too, that the courses chosen by petitioner would be more likely to develop new skills and knowledge necessary to a managerial position *193 in the business world, than to maintain or improve the existing skills of a revenue agent. Thus, it is that we fail to discern a direct and substantial relationship between examining tax returns and courses involving an economic analysis of the business firm, or fluctuations in the economic system, or public policies toward business, or the theory of assembling and investing capital. Furthermore, the record is barren of any evidence that it is customary for revenue agents similarly situated to take graduate business courses for the primary purpose of maintaining or improving their skills. The Internal Revenue Service is obviously interested in maintaining the skills of its agents as evidenced by the training programs and home study courses it offers. If a graduate business education truly achieved the results contended for by petitioner, it would seem that the Service might well choose to bear the expense or otherwise encourage its agents to enroll in such programs. Petitioner intimates at one point in his brief that at a minimum he should be allowed to deduct the portion of the expenses attributable to the accounting course he took. While we can conceive of accounting courses *194 that may have the requisite connection with petitioner's job skills (e.g., a course in auditing tax returns), that is not the case herein. Petitioner took only one course in the accounting area at the Graduate Business School, i.e., Business 315 entitled "Accounting for Managerial Decision-Making." Petitioner did not occupy a managerial position. We fail to see how this course could be substantially related to the auditing and other accounting skills used by petitioner in examining tax returns. Having failed to show that the courses he took enabled him to maintain or improve his skills, it follows that the cost of said courses do not bear the proximate and direct relationship to his trade or business as required by the Supreme Court in Kornhauser v. United States, 276 607 U.S. 145 (1928), for an expense to be considered "ordinary and necessary" within the meaning of section 162(a). We have also considered the fact that the Commissioner amended section 1.162-5[4] of the regulations in T.D. 6918, 1967-1 C.B. 36. Basically, the new regulations are cast in objective terms to eliminate any subjective inquiry into petitioner's primary purpose. The Commissioner has *195 ruled that for cases involving years prior to January 1, 1968, the taxpayer may elect to rely upon either the 1958 or the 1967 regulations. Rev. Rul. 68-191, 1968-1 C.B. 67. Certain statements in petitioner's reply brief questioning the applicability of the 1967 regulations to the instant case make it evident that he is unaware of his ability to proceed under the new regulations. *196 Since petitioner is without legal counsel in this case, we have considered the possible applicability of the new regulations to the facts before us. However, in light of our holding that the courses taken by the petitioner had no substantial value in maintaining or improving his job skills, and hence the cost of such courses did not bear the requisite proximity to his trade or business to qualify as a section 162(a) expense, we conclude that the result herein would be the same under the 1967 regulations. James A. Carroll, supra, at page 219. In view of the foregoing considerations and the controlling principles articulated in our recent decisions cited herein, we conclude that the entire expenditure incurred by petitioner during the taxable year 1964 for business courses at the University of Chicago Graduate School of Business are not deductible as ordinary and necessary business expenses, but instead are nondeductible personal expenses under section 262 of the Internal Revenue Code of 1954. Decision will be entered for the respondent. Footnotes
1. All future statutory references are to the Internal Revenue Code of 1954, unless otherwise designated.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * ↩
3. Section 1.162-5(a)(2)↩ of the 1958 regulations, which permits a deduction for the expenses of education required by the taxpayer's employer, is not at issue herein. The parties have stipulated to the effect that the Internal Revenue Service did not require the petitioner to take courses at the University of Chicago Graduate School of Business.
4. The amended regulation reads in part as follows: § 1.162-5 EXPENSES FOR EDUCATION. - (a) GENERAL RULE. - Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education - (1) Maintains or improves skills required by the individual in his employment or other trade or business, or * * * (b) NONDEDUCTIBLE EDUCATIONAL EXPENDITURES. - (1) IN GENERAL. - Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations.↩