Barry Reisine v. Commissioner.
Reisine v. Commissioner
Docket No. 271-70 SC.
United States Tax Court
T.C. Memo 1970-310; 1970 Tax Ct. Memo LEXIS 50; 29 T.C.M. (CCH) 1429; T.C.M. (RIA) 70310; November 10, 1970, Filed Samuel Rowe, 12 East 41st St., New York, N. Y., for the petitioner. Steven B. n/agler, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $233.31 in petitioner's income tax for the taxable year 1967. The sole issue before us involves the deductibility of certain educational expenses. Petitioner's legal residence was Brooklyn, New York, at the time of the filing of his petition herein. He filed his 1967 Federal income tax return with the district director of internal revenue, Brooklyn, New York. In June 1966, petitioner received a degree of Bachelor of Electrical Engineering from the City College of New York. From July 1, 1966 to June 15, 1967, petitioner was employed *51 as an engineer by the Bendix Corporation. He resigned his position in June 1967 to attend the New York University Graduate School of Engineering as a fulltime student seeking an advanced degree. He obtained his master's degree from New York University in June 1968 and is currently working toward his Ph. D. at Purdue University. Petitioner first contemplated seeking further education within a couple of months after the commencement of his employment by Bendix and his decision to do so became fixed by the end of the year. Petitioner's decision rested upon his feeling that he needed more education to achieve proper fulfillment of an engineering career. Petitioner was not required by Bendix to obtain further education in order to retain his employment. Neither did he have any obligation, nor any commitment entitling him, to return to Bendix upon the completion of his education. The threshold question is a factual one: Was petitioner in June 1967 sufficiently established in his profession so that it can be said that he was engaged in a trade or business within the meaning of section 162 (a) [1] ? Or, to put the question another way: Can it be said that petitioner's sojourn at New York *52 University during the latter part of 1967 represented a temporary hiatus in an engineering career during which he intended to, or in fact did, improve his skills or was such sojourn of such a character as 1430 to categorize his trade or business as that of a student for an indefinite period of time? Compare Rev. Rul. 68-591, 1968-2 C.B. 73. We think that petitioner's situation clearly falls within the latter category. Petitioner relies upon Furner v. Commissioner, 393 F. 2d 292 (C.A. 7, 1968), reversing 47 T.C. 165 (1966). In that case, the taxpayer, who had been a teacher for several years, resigned her teaching position in order to embark upon a one-year program leading to a master's degree. At the end of that period, she resumed teaching, but at another school. The Court of Appeals held that the taxpayer was engaged in the trade or business of being a teacher and that consequently the expenses of obtaining the master's degree were deductible under section 162(a). Compare also Harold Haft, 40 T.C. 2 (1963). Here, petitioner had barely started his *53 employment with Bendix when he decide to resume his educational endeavor, and his projected program was for an indefinite rather than a limited period of time. Under these circumstances, we think that Furner is clearly distinguishable. The mere fact that petitioner was a member of the engineering profession is insufficient to constitute a trade or business within the meaning of section 162. Cf. Henry G. Owen, 23 T.C. 377 (1954). We find it impossible to conclude that petitioner was sufficiently established as an engineer so as to justify, for the purposes of this case, a finding that he was engaged in a trade or business. Even if we were to conclude that petitioner's brief employment at Bendix was sufficient to constitute a trade or business for the purposes of this case, we think that his expenses would at best be considered as having been made, not currently to carry on a trade or business, but in order to resume a trade or business at some future date. Under the circumstances, the expenses are clearly not deductible. Canter v. United States, 354 F. 2d 352 (Ct. Cl. 1965); Henry G. Owen, supra; compare also C. Fink Fischer, 50 T.C. 164, 171 (1968). *54 Moreover, we think on the basis of the record herein that, whether we were to apply the subjective or objective standards of respondent's regulations, [2] the conclusion is inescapable that from June 1967 on, petitioner was simply pursuing his general educational aspirations - an insufficient basis for allowing the claimed deduction. N. Kent Baker, 51 T.C. 243 (1968). Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended.↩
2. The subjective intention test is embodied in respondent's 1958 regulations and the objective fact test is embodied in respondent's 1967 regulations. Section 1.162-5, Income Tax Regs. Respondent has ruled that taxpayers may elect to apply either set of regulations to taxable years beginning before January 1, 1968. Rev. Rul. 68-191, 1968-1 C.B. 67↩.