Richard N. Warfsman and Angela L. Warfsman v. Commissioner.
Warfsman v. Commissioner
Docket No. 1321-71.
United States Tax Court
T.C. Memo 1972-137; 1972 Tax Ct. Memo LEXIS 122; 31 T.C.M. (CCH) 644; T.C.M. (RIA) 72137; June 26, 1972
*122 Petitioner, employed as a mechanical aide in the Aerospace Division of Westinghouse Electric Corporation, enrolled in the Johns Hopkins University, Evening College, during 1968 where he undertook the bachelor's degree program which included mechanical engineering as his major. Held, absent convincing evidence to the contrary, the expenses incurred by petitioner during that year while attending school are not deductible since the engineering degree would qualify him for a new trade or business. Sec. 1.162-5, Income Tax Regs. 645 Richard N. Warfsman, pro se, 458 Old *123 Quarterfield, Glen Burnie, Md.John J. Weiler, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Respondent determined a deficiency against petitioners for the taxable year 1968 in the amount of $411.75. The sole issue presented for our consideration is whether petitioner is entitled to deduct the amount of $1,750.79 as expenses which he incurred during 1968 in studying at the Johns Hopkins University, Evening College, Baltimore, Maryland. Findings of Fact Some of the facts have been stipulated and are so found and incorporated by this reference. The petitioners Richard N. and Angela L. Warfsman are husband and wife residing at the time of the filing of the petition herein at Glen Burnie, Maryland. The petitioners filed their Federal income tax return for 1968 with the district director of internal revenue, Baltimore, Maryland. Richard N. Warfsman, hereinafter called petitioner, attended Central Missouri State College, Warrensburg, Missouri, for the period September 1960 through 1962. While attending Central Missouri State College, petitioner was pursuing a course of study in the field of mechanical engineering. In January *124 1967, petitioner secured employment with the Westinghouse Electric Corporation, Defense and Space Center (hereinafter sometimes referred to as Westinghouse), Friendship International Airport, Baltimore, Maryland. Petitioner's position with Westinghouse was in the Aerospace Division as an Engineering Aide "B." On August 14, 1967, petitioner applied to the Johns Hopkins University, Evening College, hereinafter called Johns Hopkins, for admission to its certificate of degree program. Petitioner applied for the college's bachelor degree program and listed mechanical engineering as his planned major. Normally this program is an 8-year course of night study. Petitioner had never received a degree in engineering before commencing his studies at Johns Hopkins. In his Federal income tax return for 1968, petitioner included a statement of employee business expenses (Form 2106) in which he reported the aggregate amount of $1,750.79 for transportation, meals, tuition, and books, which he incurred as a student at Johns Hopkins. Respondent disallowed the entire amount as personal expenses under section 262 of the 1954 Code. [1]
*125 Ultimate Finding The expenditures of $1,750.79 for transportation, meals, tuition, and books made by petitioner in 1968 while attending engineering school were incurred primarily for personal purposes. They were not made to improve or maintain skills required by petitioner in his employment or other trade or business, or to meet the express requirements of his employer. Opinion The sole issue presented is whether the petitioner's educational expenses may be deducted as a business expense under section 162(a) of the Internal Revenue Code of 1954[2] or whether the education involved was personal so that a deduction for the expenses is denied under section 262. Although the Code does not specifically relate to educational expenses, the regulations deal directly with such expenses and, therefore, take on added significance. Burke W. Bradley, Jr., 54 T.C. 216, 218 (1970). [3] These regulations [4] provide that education expenses are deductible if 646 they maintain or improve skills required by the individual in his employment or other trade or business or meet the express requirements of the employer for the taxpayer to retain his employment *126 relationship, status, or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. However, the general rules apply only if the expenditures do not fall within specified nondeductible categories. The education must not be required of the taxpayer to meet the minimum educational requirements for qualification in his employment or other trade or business. Sec. 1.162-5(b)(2)(i), Income Tax Regs. They must not be "expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." Sec. 1.162-5(b)(3)(i), Income Tax Regs. Such expenditures are nondeductible "personal expenditures or constitute an inseparable aggregate of personal and capital expenditures. Sec. 1.162-5(b)(1), Income Tax Regs.
*127 Respondent determined that the expenditures in controversy are not allowable as educational expenses under section 162, supra, on the ground that they qualify petitioner for a "new trade or business" within the purview of section 1.162-5(b)(3)(i), Income Tax Regs., and are therefore personal expenses. Respondent's determination is presumptively correct and petitioner has the burden of proving that the education was undertaken in order to maintain or improve job skills required in his employment, or to meet the express requirement of his employer to retain his employment, status, or rate of compensation. James A. Carroll, 51 T.C. 213, 217 (1968), affd., 418 F. 2d 91 (C.A. 7, 1969). Whether it was undertaken for such purpose is essentially a factual question to be determined upon consideration of all the evidence of record. Cosimo A. Carlucci, 37 T.C. 695, 700 (1962). Petitioner contends, in essence, that his attendance at Johns Hopkins was for the purpose of maintaining and improving skills needed in his job; that the educational program undertaken (an 8-year course of study) is proximately related to his duties as mechanical aide at Westinghouse; *128 and that the curriculum will not prepare him for a new trade or business. We have considered petitioner's position and believe that when his educational expenses are viewed in the light of section 162 and the correlative regulations, they do not qualify for deduction under that section. Although we consider it to be highly desirable to encourage higher education and improvement of our educational system, we are nevertheless aware of the fact that deductions are dependent on the express provisions of the Code. Petitioner is claiming these expenditures as business expenses; hence, they must be ordinary and necessary expenses of carrying on a trade or business, in this case, the trade of an engineering aide "B." Petitioner must show a direct and proximate relationship between the education expenses under review and his employment. Kornhauser v. United States, 276 U.S. 145, 153 (1928); James A. Carroll, supra; and Robert Lee Henry, 36 T.C. 879, 884 (1961). In our opinion, petitioner has failed to establish any connection, aside from the remote or incidental one of broadening his general knowledge and competency between his mechanical engineering *129 education and the maintenance or improvement of the skills required by him as an engineering aide "B" at Westinghouse. Petitioner has not presented any evidence as to the specific courses undertaken by him which would indicate the sort of proximate relationship required for the deduction. Neither has petitioner introduced any evidence with respect to his duties as a mechanical aide "B" at Westinghouse, nor has he shown us how the curriculum 647 pursued would improve his job skills. The testimony of petitioner that the expenditures in question were necessary, without further detail or explanation, is unconvincing. We cannot speculate as to the connection between his employment skills and the course of study taken. The mere existence of a tenuous relationship between his employment skills as a mechanical aide "B" and a professional mechanical engineer does not compel the conclusion that the education is "appropriate and helpful" within the meaning of that phrase as stated in Cosimo A. Carlucci, supra. 699. While we do not believe petitioner has the burden to show how his job skills would be improved by each and every college course he happened to take in the tax year *130 involved, he must demonstrate a reasonably material relationship between his employment skills and the curriculum undertaken. Notably petitioner, in his petition, alleges that he "voluntarily" undertook to study mechanical engineering to maintain and improve skills needed in his job. There is no evidence in the record that the education was undertaken to meet the express requirements of Westinghouse. In the absence of any convincing evidence to the contrary, and on the record as a whole, we hold that the expenses were incurred to acquire an engineering degree which would enable petitioner to engage in a new trade or business. Ronald F. Weiszmann, 52 T.C. 1106 (1969), affd. per curiam 443 F. 2d 29 (C.A. 9, 1971); Jeffry L. Weiler, 54 T.C. 398 (1970). Accordingly, the expenses in controversy are personal in nature and nondeductible. Decision will be entered for the respondent. Footnotes
1. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business including - ↩
3. Since the tax year here in question is 1968, the current regulations issued in 1967 rather than the 1958 version are applicable, and petitioner is not entitled to the election accorded taxpayers for the years immediately prior to 1968. See, e.g., Burke W. Bradley, Jr., 54 T.C. 216 (1970), and Ronald F. Weiszmann, 52 T.C. 1106 (1969), affd. per curiam 443 F. 2d 29↩ (C.A. 9, 1971).
4. Sec. 1.162-5 Expenses for education. (a) General Rule. Expenditures made by an individual for education * * * which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education - (1) Maintains or improves skills required by the individual in his employment or other trade or business, * * * (b) Nondeductible educational expenditures - (1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business. * * * (3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * *↩