WALTER T. HOUSTON, JR. and ANNE B. HOUSTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Houston v. Commissioner
Docket No. 6544-71
United States Tax Court
T.C. Memo 1973-142; 1973 Tax Ct. Memo LEXIS 144; 32 T.C.M. (CCH) 686; T.C.M. (RIA) 73142; June 28, 1973, Filed. *144 Petitioner graduated from V.M.I. with a B.S. degree, major in civil engineering, and then attended University of Virginia Graduate School of Business Administration for 1 year before entering U.S. Air Force where he served as a flier for 5 years. Prior to his entering the service he was employed 2 summers in engineer-related work. Upon discharge from Air Force he attended Michigan State University Graduate School of Business Administration. Held: Petitioner's tuition and living expenses at M.S.U. nondeductible since he had not established himself in the trade or business of being an engineer within the purview of section 162. Walter T. Houston, pro se. James L. Norris, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioners' *145 income tax for the year 1969 in the amount of $644.10. 2 The deficiency arises from the disallowance by respondent of certain claimed business expenses incurred by petitioner Walter T. Houston in attending the Graduate School of Business Administration at Michigan State University. Petitioners have taken exception to the entire disallowance. FINDINGS OF FACT Petitioners are husband and wife and at the time of filing their 1969 income tax return resided in Waukesha, Wisconsin. They filed their joint Federal income tax return for the calendar year 1969 with the district director of internal revenue, Milwaukee, Wisconsin. They reported their income and claimed their deductions on the cash basis of accounting. Walter T. Houston (hereinafter petitioner) received his pre-college education in North Carolina. Thereafter, he attended the Virginia Military Institute (hereinafter V.M.I.), graduating in June, 1962, with a B.S. degree, major in civil engineering. While at V.M.I. he was in the Reserve Officers Training Corps program and was commissioned a second lieutenant, U. S. Air Force Reserve, concurrently with his graduation. After graduation from V.M.I., petitioner joined *146 a minerals exploration team engaged in surveying, test drilling and plotting talc deposits on land under lease by Southfield Mines, Asheville, North Carolina. He also assisted the drill crew of Southeastern Diamond Drilling Co. in this same test drilling. Later he was 3 employed by Southeastern Diamond Drilling Co. on several other drilling and grouting projects. This work occupied the summer months of June to September, 1962. During his senior year at V.M.I., on February 8, 1962 to be precise, petitioner applied for admission to the Graduate School of Business Administration at the University of Virginia. In that application the petitioner stated that he did not want to spend the rest of his life being a civil engineer, that he wanted to enter some form of business where he could use his business and technical knowledge, that he realized an engineer reaches his limit because of a lack of administrative ability, that graduate study in business would benefit him in any job, plus make him a more well-informed person, and that he wanted a good general business education that would give him the "big picture". He attended the University of Virginia, Graduate School of Business *147 Administration, from September, 1962 to June, 1963 but did not receive a degree from the University. The courses taken were business courses rather than engineering courses. Following the school year at the University of Virginia, petitioner was employed by Olin Corporation as a temporary engineer trainee in their paper converting office for the period June 6 through August 30, 1963. 4 The month of September, 1963, petitioner worked for Aqua-Bloc Engineering Co., assisting in sealing a dam for the City of Asheville, North Carolina. On September 30, 1963 petitioner entered the Air Force, whereupon he became a pilot, receiving an honorable discharge on December 16, 1968. Petitioner was stationed at Kincheloe Air Force Base, Michigan, from March 25, 1965 until his discharge on December 16, 1968. On August 30, 1968 petitioner applied to Michigan State University for admission to its Graduate School of Business Administration (hereinafter M.S.U.). This application showed petitioner's home address, present address, and legal residence as 27 Femoyer Street, Kincheloe A.F.B., Michigan 49788. He listed no membership in any professional organization. The attached sheet, *148 dated 24 September 1968, stated petitioner's only experience was flying, that he had no education or job that would allow him to have his own business, that he wanted to continue in the field of avaiation, and that his purpose in attending the business school was to acquire the education that would assist him in finding a position in the aviation field where he could gain experience to own his own business. Petitioner was notified of his acceptance to M.S.U. in November, 1968. 5 Petitioner requested the Air Force to send his personal effects to 1231 Ferndale Avenue, Lansing, Michigan, a three bedroom apartment. Petitioner and Anne were married on July 8, 1967 at Eagle Harbor, Michigan. Anne Houston was born, reared and educated in Michigan. She graduated from Northern Michigan University, Marquette, Michigan, with an A.B. degree, major speech therapy, and taught school in Chippewa County, Michigan while Walter was in the Air Force. Anne subsequently taught in 1969 as a substitute in the Lansing and East Lansing School districts while Walter went to graudate school. Petitioner began his course of study at M.S.U. on January 2, 1969 and graduated with a masters degree in *149 business administration, major in production (hereinafter M.B.A. degree), on December 13, 1969. He took no engineering courses as such and engineering was not a prerequisite for any courses taken at M.S.U. The M.B.A. degree curriculum consisted of business and business related courses. Examples of courses taken by him are production control, materials management, linear programming in management, personnel management, work design and administration, transportation and distribution systems, administrative control, and American economy. Petitioner's M.B.A. degree did not improve his basic education in civil engineering and the M.B.A. degree did not 6 assist or have any bearing on the petitioner's subsequent employment at Wisconsin Centrifugal, Inc. An M.B.A. degree is of value to anyone in almost any profession. Upon graduation from M.S.U. petitioner accepted employment as an engineer at Wisconsin Centrifugal, Inc. effective December 15, 1969. His duties included work scheduling methods, expediting, analysis and report writing. He occasionally flew the company aircraft for business or personal purposes. Petitioner's personal history resume upon graduation from M. *150 S.U. stated his professional objective as "Desire position that would enable me to use my flying abilities as well as having additional corporate responsibilities. Interested in production and purchasing. Flying desired but not required". On the resume he stated that he was a "Mechanical Engineering Assistant". Petitioner estimated the mileage claimed and had no contemporaneous record of the claimed mileage deduction. He failed to maintain specific records and receipts for all the expenses he claimed on his return, but he has substantiated that he incurred the following expenses while maintaining an apartment in Lansing, Michigan: 7 (a) Meals and Lodging
(1) 12 checks for rent at $175.00, one-half attributable to Walter
$1,050.00
(2) Checks for gas
$110.20
Checks for water and light
65.33
Checks for telephone
76.20
Total
$251.73
One-half attributable to Walter
125.87
(3) Checks for food in the amount of $642.00, one-half attributable to Walter
321.00
Total
$1,496.87
(b)
Tuition
(1) Checks to Michigan State University of
$584.00
(c) Text Books
(1) Checks to Michigan State University Book Store
$104.00
Petitioner listed Michigan *151 as his residence on his 1968 Michigan income tax return and in his applications for automobile licenses and driver's licenses. In his statutory notice of deficiency, dated June 25, 1971, respondent disallowed the expenses set forth below claimed by petitioner as deductible educational expenses: Type of Expense
Amount Meals and lodging
$2,245.00
Automobile expenses
166.00
Text books
104.00
Tuition
584.00
$3,099.00 8 OPINION To prevail in this matter petitioner must establish that he was, at the time of incurring the expenses in issue and in the language of the governing statute, section 162, [1] in the "trade or business" of being a civil engineer. To support his contention petitioner can point to his B.S. degree, major in civil engineering, from V.M.I. received in June, 1962. He can further point to his summer employment during 1962 and 1963 where, viewing the facts most favorably to him, he was engaged in engineering-related work. From thereon the facts are all down-hill for petitioner. Commencing with the fall of 1962 when he entered the Graduate School of Business *152 Administration at the University of Virginia, petitioner spent 5 years as a flier in the United States Air Force, 2 academic years taking essentially business courses at Virginia and M.S.U. and one summer (1963) doing the engineer-related work referred to. Judging from his application papers to Virginia and M.S.U. and his job resume prepared in 1969 petitioner did not count himself as solely engineer-oriented. He considered himself, and no doubt properly so, a broadly educated man. Unfortunately the obtaining of a broad education is not a deductible activity, 9 but merely, at least hopefully, part of the admission price to entering that stage where deductions become meaningful. We must commend petitioner for his refreshing candor in admitting that he took "no true engineering courses" at M.S.U. and that the M.B.A. degree did not improve his basic education in civil engineering. In fact we commend him for his industry. However, prior to December 1969 petitioner had been, paraphrasing the language of Judge Tannenwald's concurring opinion in , primarily a student and flier and not an engineer. His courses at M.S.U. served the valuable *153 purpose of easing the transition from a lengthy stay in military service to civilian life. It was an appropriate means of broadening his civilian skills. Under the facts of this case we are forced to the conclusion that, during the year in question, petitioner had not reached the level of work activity where we can find that he was in the trade or business of being an engineer. See . Absent this sine qua non of section 162 we need not consider whether the expenses in issue were "ordinary and necessary" or were incurred in "carrying on" the trade or business of being an engineer. We might say parenthetically that, judging from the titles of the courses taken by petitioner at M.S.U. and his admission with respect thereto, he would 10 have an equally difficult time satisfying these requirements. Further, we need not decide whether petitioner's permanent home was in North Carolina and thus whether he is entitled to deduct his living expenses in Michigan while attending M.S.U. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. ↩