STEPHEN G. SHERMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sherman v. Commissioner
Docket No. 8136-73.
United States Tax Court
T.C. Memo 1977-301; 1977 Tax Ct. Memo LEXIS 138; 36 T.C.M. (CCH) 1191; T.C.M. (RIA) 770301; September 7, 1977, Filed Stephen G. Sherman, pro se. Lawrence G. Becker and Joyce Britt, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency in petitioner's 1971 Federal income tax in the amount of $2,084.13. The sole issue for decision is whether petitioner is entitled to a deduction for various educational expenses incurred during 1971. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Petitioner, at the time he filed his petition, resided in Kuala Lumpur, Malaysia. Petitioner graduated from Tufts University in Medford, Massachusetts in June 1965, receiving a Bachelor of Arts degree in English. In October, 1965 he entered the Army serving as an officer until June, 1968 at which time he was discharged from active duty. *139 While in the Army petitioner served as a Civilian Affairs Psychological Operation Plans Officer, a Radio Program Officer, and a Battalion Adjutant. From June 1968 to July 24, 1969, petitioner was unemployed. On July 25, 1969, he secured employment with the Army and Air Force Exchange Service, ("AAFES") Viet Nam Regional Exchange, as Chief, Plans and Programs Office in Viet Nam. His duties in this position involved formulating and monitoring management, contingency, and emergency plans for the Viet Nam region. He coordinated the phase-down of the Viet Nam exchanges (PX's) concurrent with troop redeployment. He also represented his region in discussions about exchange operations with high-level Department of Defense, Department of State, and legislative officials. In addition he was engaged in the review and evaluation of major policies and procedures for the Viet Nam region dealing with inventory control, procurement, and distribution, as well as personnel management. At some point prior to May 1971, petitioner applied for admission and was accepted at Harvard University as a candidate for a Master's Degree in Business Administration ("MBA"). That program required two years *140 of study. On May 3, 1971, he requested a leave of absence from the AAFES to enable him to attend Harvard. This request was denied on June 23, 1971. On denying the request, the Director of the Personnel Division of the Pacific Exchange noted in an inter-office memorandum that "[petitioner] is programmed for separation upon completion of his specified period of employment which will expire 25 July 1971. Leave without pay under these circumstances is not considered appropriate." The Director also stated in the memorandum that "Mr. Sherman's interest in possible AAFES employment upon completion of his education is appreciated. He should be advised to contact Headquarters AAFES approximately ninety (90) days prior to his advisability date should he desire to pursue AAFES employment at that time." Following the expiration of his employment contract with AAFES and until completion of his participation in the Harvard MBA program in June, 1973, petitioner was not under an employment agreement and did not receive a salary from any source. While at Harvard petitioner applied for re-employment with the AAFES. The request was denied on October 20, 1972, because of a decrease in the *141 number of management personnel required, due to an overall personnel reduction throughout the AAFES. On August 15, 1973, petitioner became employed by Radix Corporation as Director of Planning and Research. On petitioner's 1971 income tax return, he claimed a deduction of $6,800 paid in that year for tuition for both years of the MBA. He also claimed a deduction of $312.08 for books and supplies and a deduction for moving expenses from Viet Nam to Lexington, Massachusetts of $1,357.64. [1] Respondent in his statutory notice disallowed the claimed deductions in their entireties. OPINION The sole question for decision is whether petitioner was "carrying on" a trade or business at the time he incurred the education expenses in issue. More specifically, respondent contends that petitioner has failed to prove: (1) that he was established in a trade or business prior to incurring the education expenses; (2) that he was "carrying on" a trade or business *142 at the time he incurred the education expenses; and (3) that his suspension from an established trade or business while attending Harvard Graduate Business School was temporary and definite. No issue is raised regarding whether the education expenses are otherwise not deductible, and we will therefore assume that they met the standard for deductibility set out in section 1.162-5, Income Tax Regs.
Section 162 [2] provides that "there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." (Emphasis added.) Whether a taxpayer is engaged in carrying on a trade or business is a question of fact. Corbett v. Commissioner, 55 T.C. 884, 887 (1971). Respondent's first contention is that petitioner has not proved that he had established himself in a trade or business prior to attending Harvard Graduate Business School. A taxpayer may be in the trade or business of being an employee, such as a corporate executive or manager. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). *143 For the two years immediately preceding petitioner's matriculation in the Harvard Graduate Business School petitioner was employed by the Army and Air Force Exchange Service (AAFES) as Chief, Plans and Programs Office, in Viet Nam. We conclude on the facts that this was a sufficient period of time for petitioner to have established himself in the business of being an employee who was an administrator and planner (i.e., business manager). [3]
*144 Respondent's second contention is that petitioner has not proved that he was "carrying on" a trade or business at the time he incurred the educational expenses in issue. Petitioner was not employed while he was enrolled full time for two years in the Harvard Graduate School of Business. We have held that a taxpayer who temporarily ceases active participation in a trade or business during a transition period between leaving one position and obtaining another may be "carrying on" a trade or business during the transition period. Haft v. Commissioner,40 T.C. 2 (1963). Likewise, a taxpayer who leaves his position temporarily to attend school full time may be "carrying on" a trade or business while in school. The Seventh Circuit in Furner v. Commissioner,393 F. 2d 292 (1968), rev'g. 47 T.C. 165 (1966), held that a school teacher, who resigned from her teaching position when she could not get a leave of absence to attend graduate school full time for a year, and who after finishing graduate work took a different teaching job in another school district, was "carrying on" her trade or business of being a teacher while in graduate school. *145 And we held in a reviewed decision, Ford v. Commissioner,56 T.C. 1300 (1971), aff'd. per curiam 487 F. 2d 1025 (9th Cir. 1973), that another teacher was in the trade or business of teaching while attending the University of Oslo in Norway full time for one year after leaving a teaching job in one school district (without a leave of absence) and before returning to another teaching job in another district. [4] These cases establish that a leave of absence is not essential to carry on a trade or business while attending school, nor is it essential to return to the same position after completing the course of study undertaken. However, when a taxpayer leaves his trade or business for a prolonged period of study with no apparent continuing connection with either his *146 former job or any clear indication of an intention to actively carry on the same trade or business upon completion of study, the taxpayer is not "carrying on" his trade or business while attending school. Canter v. United States,354 F. 2d 352 (Ct. Cls. 1965) (a nurse discontinued nursing activities for more than four years while obtaining Bachelor's and Master's degrees in nursing); Corbett v. Commissioner,55 T.C. 884 (1971) (a teacher discontinued teaching and commenced full time study leading to a Ph.D., and four years later at time of trial was still a full time student). We hold on the facts that petitioner was "carrying on" his trade or business of being a business manager while attending Harvard Graduate Business School for two years. He sought, but was refused, a leave of absence from his job with AAFES in order to attend school and study for an MBA. The MBA would not equip him for a different career. He was engaged in business administration before he went to Harvard, and stayed in the field after his graduation. The MBA rather was expected to equip him to be a better manager than he had been. He sought to return to his job with *147 AAFES after obtaining his degree, but was not re-employed because AAFES was cutting back in Viet Nam. Therefore he took another job, utilizing his management, administrative and planning skills, with Radix Corporation in the Orient. These facts bring petitioner within the scope of Furner and Ford, and his temporary cessation of active participation in the business of being a managerial employee did not prevent him from "carrying on" a trade or business within the meaning of section 162, while attending Harvard. Respondent's third contention is that petitioner's suspension from his established trade or business was not temporary and definite. After the Furner decision respondent issued Rev. Rul. 68-591, 1968-2 C.B. 73, in which he stated that he would follow Furner under certain circumstances, and in which he further stated: "Ordinarily a suspension for a period of a year or less, after which the taxpayer resumes the same employment or trade or business, will be considered temporary." As this Court has frequently noted, a revenue ruling is no more than the opinion of one of the litigants in the case. E.g., Estate of Lang v. Commissioner,64 T.C. 404, 406-407 (1975), *148 on appeal (9th Cir. January 6, 1976). There is no magic in a one year limit on "temporary" (other than possible ease of administration), and we believe a facts and circumstances test is the appropriate test for determining whether a hiatus is temporary rather than indefinite. [5] The course of instruction for the MBA was quite definite in length--two years. We find nothing in section 162 justifying us in following an arbitrary one-year limit on self-improvement progress. Under the facts of this case we hold that petitioner's two-year suspension of active participation in his business was temporary and definite. Decision will be entered for the petitioner. Footnotes
1. Respondent conceded on brief that a determination of whether petitioner was engaged in carrying on a trade or business during the year in issue would determine whether the claimed moving expenses are an allowable deduction.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
3. Respondent relies on two cases here: Houston v. Commissioner, 32 T.C.M. 686 (1973), 42 P-H Memo. T.C. par. 73, 142 (1973) (taxpayer graduated from VMI with a B.S. in civil engineering then attended the University of Virginia Graduate Business School for one year before entering the Air Force where he served as a pilot for five years; upon discharge from the Air Force he attended Michigan State University Graduate School of Business; held, he had not established himself in the trade or business of being an engineer); and Reisine v. Commissioner, 29 T.C.M. 1429↩ (1970), 39 P-H Memo. T.C. par. 70,310 (1970) (after graduating from college with an engineering degree, taxpayer was employed for one year, whereupon he resigned to take up graduate study in engineering; held, the taxpayer had not established himself in the trade or business of being an engineer). In neither case were the facts even closely analogous to those presented here.
4. See King v. Commissioner,21 T.C.M. 495↩ (1962), 31 P-H Memo. T.C. par. 62,093 (1962) (taxpayer, a teacher, was granted a leave of absence in 1958 by the school board to attend Stanford University to obtain a Ph.D. in education; as of 1961 she was still at Stanford and still on a leave of absence; held, her education expenses for 1958 were deductible).
5. See Cornish v. Commissioner,29 T.C.M. 235↩ (1970), 39 P-H Memo. T.C. par. 70,051 (1970) (taxpayer, an assistant analyst engaged in developing safety aspects of the "Minuteman", left his job to study at a university where he obtained a B.S. in physics, a B.A. in mathematics, and an M.S. in physics; held, taxpayer's studies were indefinite rather than temporary for purposes of improving skills).