JOHN M. McILVOY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McIlvoy v. Commissioner
Docket No. 2358-76.
United States Tax Court
T.C. Memo 1979-248; 1979 Tax Ct. Memo LEXIS 276; 38 T.C.M. (CCH) 987; T.C.M. (RIA) 79248; June 28, 1979, Filed John M. McIlvoy, pro se. Jerome Borison, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Petitioner was employed until May 1973. While employed he attended the University of Santa Clara part time, and after his employment terminated he attended as a full-time student. Respondent determined a deficiency in petitioner's income tax for 1973 of $347. The issue raised by the notice of deficiency is whether petitioner is entitled to deduct education expenses incurred by him in pursuit of an M.B.A. degree during the period that he was unemployed. By an amendment to his answer, respondent seeks an additional deficiency of $142, for a total deficiency of $489. In his amended answer respondent contends *277 that petitioner is not entitled to deduct education expenses of $455 which were allowed in the statutory notice. Additionally, respondent contends that petitioner must include in income, and is not entitled to deduct, education expense reimbursements received from his employer of $225. At trial petitioner claimed an additional deduction of $403.20 for automobile expenses associated with the education expenses at issue. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. At the time he filed his petition, petitioner was a resident of California. Petitioner worked as a field engineer and electronics technician from 1962 until 1965. In 1965 petitioner began studies at the Colorado School of Mines, from which he graduated with an advanced degree in geophysical engineering in 1968. [1]
From 1968 to 1972 petitioner worked for several companies as a geophysical engineer. On June 12, 1972, petitioner was hired as a senior electronics technician by Watkins-Johnson Company, an electronics firm located in Palo Alto, California. *278 Employees with engineering backgrounds are hired either as a member of the technical staff or as an electronics technician. A member of the technical staff is typically salaried; a technician is typically an hourly employee. Members of the technical staff have design and financial responsibility, while technicians (such as petitioner) implement what a member of the technical staff has prepared. While he was at Watkins-Johnson, petitioner's duties included the following: (a) construction and testing of electronic circuits; (b) analysis of the steps involved in construction; (c) obtaining components for a circuit; (d) participation in the production of the circuits (which was normally accomplished by a standard process); (e) communication with other workers concerning production; and (f) documentation with respect to circuits under production. The majority of petitioner's work was in the areas of design or design modification, with a lesser amount of his time spent on actual production. Decision making and supervision of other employees were a minor part of petitioner's duties. Those duties were generally handled by the supervisor for each area (such as manufacturing, *279 design or drafting). In other words, petitioner was primarily responsible for the workings of the electronic circuits, not the work of his fellow employees. As a technology-oriented company, Watkins-Johnson encouraged its employees to obtain additional education. An employee could receive reimbursement for any formal education which, in the opinion of his supervisor, was "directly related to increasing the employee's knowledge or effectiveness in his job." The amount of reimbursement was a function of the employee's grade in the course. Petitioner's supervisor followed a liberal policy in approving employees' requests for reimbursement. In the fall of 1972 petitioner began taking courses at the University of Santa Clara ("Santa Clara"). In the 1972 fall quarter he took courses in physics and electrical engineering. In 1973 petitioner took two engineering-related courses; in the 1973 winter quarter he took a course in transistor circuit design, and in the spring quarter he took a course in high frequency transistor circuits. Watkins-Johnson paid petitioner's tuition of $90 for the course taken in the winter quarter, but he was not reimbursed for the spring quarter course because *280 his employment with Watkins-Johnson terminated in May 1973. Petitioner incurred tuition, fee and textbook expenses of $152.55 for the course taken in the spring quarter. Beginning in the 1973 winter quarter petitioner also began taking courses with an eye towards obtaining a Masters Degree in Business Administration ("M.B.A."). In the 1973 winter quarter he took a course, "Social and Legal Environment of the Firm," which was a prerequisite to admission to the M.B.A. program at Santa Clara. Petitioner's tuition of $135 for this course was paid by Watkins-Johnson. [2] After petitioner's employment with Watkins-Johnson was terminated, he began to pursue the M.B.A. degree in earnest. He became a full-time student beginning in the 1973 summer quarter, and he remained a full-time student until March 1974, when he was hired as an engineer/geologist by another firm. Petitioner received his M.B.A. degree in August 1974. *281 At Santa Clara the M.B.A. degree program requires a minimum of 18 courses, including 12 specific required courses. These 12 required courses include accounting, marketing, financial and organizational management, and economic analysis. In 1973 petitioner took primarily these required courses, plus electives in finance. Petitioner incurred expenses totaling $2,125.53 for courses and related expenses in the M.B.A. program. Petitioner also incurred automobile expenses in traveling to Santa Clara in 1973 of $403.20. On his tax return for 1973 petitioner deducted education expenses totaling $2,277.78. He did not include in his income, nor did he deduct, the education expense reimbursement of $225 which he received from Watkins-Johnson. In the statutory notice, respondent determined that petitioner was not entitled to deduct education expenses totaling $1,823 while petitioner was unemployed. OPINION The issue for decision is whether petitioner is entitled to deduct or exclude reimbursement of education expenses incurred in 1973. Petitioner contends that these expenses were ordinary and necessary business expenses, deductible under section 162(a). [3] Respondent, on the other *282 hand, contends that petitioner has failed to satisfy the requirements set forth in section 1.162-5, Income Tax Regs. Regulations section 1.162-5 provides that education expenses are deductible only if certain objective tests are satisfied: § 1.162-5. Expenses for education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, *283 imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. (b) Nondeductible educational expenditures--(1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures, or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum education requirements. (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. * * *
(3) Qualification for new trade or *284 business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. * * * 1. M.B.A. Education Expenses. Beginning in 1973 petitioner took courses towards an M.B.A. degree at the University of Santa Clara. He was reimbursed by his employer, Watkins-Johnson, for his tuition of $135 for the first course he took (on a part-time basis), but after his employment at Watkins-Johnson was terminated he became a full-time student and incurred expenses of $2,125.53 in connection with his studies for the M.B.A. degree. Respondent disallowed petitioner's claimed deduction, and respondent contends that petitioner must include in income the reimbursement received from Watkins-Johnson. Petitioner contends, first, that he has satisfied the requirements of Regulations *285 section 1.162-5(a) because the M.B.A. courses maintained or improved his skills used in his trade as a professional engineer. We disagree. The facts in this case are very clear: petitioner was a technician, not a manager. His work involved, primarily, the design and testing of electronic circuits, although he was also involved in the production of these circuits. Supervision of other employees, as well as decision making of a managerial nature, were a minor portion of petitioner's duties. We see no relationship between petitioner's technical duties and his courses in accounting, marketing, financial and organizational management, and economic analysis. Put simply, petitioner's M.B.A. courses taught him new skills; the courses had no relationship to the skills which, as an engineer, he possessed and used in his employment. Carroll v. Commissioner,51 T.C. 213, 218 (1968), affd. 418 F. 2d 91 (7th Cir. 1969); Warfsman v. Commissioner,31 T.C.M. 644, 41 P-H Memo. T.C. par. 72,137 (1972); Menas v. Commissioner,28 T.C.M. 603, 38 P-H Memo. T.C. par. 69,114 (1969). Compare Sherman v. Commissioner,36 T.C.M. 1191, 46 P-H Memo. T.C. par. 77,301 (1977). *286 Petitioner contends that the M.B.A. courses were directly related to his skills since his supervisor approved reimbursement for the first course. We are not persuaded. In the first place, we are not bound by an employer's standards in determining what is deductible. Secondly, petitioner's supervisor stated that he followed a liberal policy in approving reimbursements. Accordingly, we hold that petitioner is not entitled to his claimed deduction of $2,125.53; petitioner must also include in his income, and is not entitled to deduct, the $135 tuition reimbursement received from Watkins-Johnson. Cf. section 1.162-47, Income Tax Regs.
2. Technical Courses. Respondent disallowed petitioner's claimed deduction for a course in high frequency transistor circuits, for which petitioner incurred expenses of $152.25, and respondent also contends that petitioner must include in income, and is not entitled to deduct, the $90 reimbursement he received from Watkins-Johnson for a course on transistor circuit design. Clearly these two courses were related to petitioner's skills as a technical engineer. Additionally, petitioner already had a graduate degree in *287 engineering, so these courses were not designed to meet minimum educational requirements or to qualify petitioner for a new trade or business. Therefore, we hold for petitioner with respect to these courses. 3. Automobile Expenses. At trial petitioner claimed an additional deduction of $403.20 for automobile expenses associated with the education expenses at issue.Petitioner contends that these expenses were travel expenses deductible under section 1.162-5(e), Income Tax Regs. These expenses are not deductible to the extent they were incurred in connection with his M.B.A. program. Moreover, these expenses were apparently incurred by petitioner in his commute to Santa Clara while he was unemployed and taking M.B.A. courses. We recently considered the deductibility of such commuting expenses in Zimmerman v. Commissioner,71 T.C. 367 (1978), on appeal (2d Cir. March 15, 1979), and we rejected similar contentions in that case. Petitioner did not present any evidence that any portion of the claimed automobile expenses were incurred with respect to the engineering courses and for travel between his place of employment and Santa Clara. *288 Cf. Zimmerman v. Commissioner,supra, at 369 n.2; Carlucci v. Commissioner,37 T.C. 695 (1962). To reflect the foregoing, [4]
Decision will be entered under Rule 155. Footnotes
1. Petitioner received a single degree which encompassed both a Bachelor's degree and a graduate degree.↩
2. Petitioner was not the only engineer pursuing an M.B.A. degree at Santa Clara. Approximately 25 percent of the students in the M.B.A. program were engineers, and at least six people from Watkins-Johnson were in the M.B.A. program. The Watkins-Johnson employees who were in the M.B.A. program were primarily members of the technical staff.↩
3. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
4. Respondent conceded on brief that if petitioner's allowable deductions for 1973 were less than the standard deduction, petitioner would be allowed the standard deduction.↩