*Decisions will be entered under Rule 50.*

BURKE W. BRADLEY, JR., AND KAREN E. BRADLEY, PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2045–68. Filed February 9, 1970.

Burke W. Bradley, Jr., pro se.
*Nicholas G. Stucky*, for the respondent.

OPINION

The sole issue confronting us is whether or not petitioner can deduct the cost of attending law school during 1966 under section 162(a). To be able to take such deduction, petitioner must show these expenses to be ordinary and necessary business expenses. Since the Code does not directly deal with education expenses, the regulations take on an added significance. Before their amendment in 1967 the regulations read in pertinent part:

Sec. 1.162–5. Expenses for education.

(a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of:

(1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or

(2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment.

Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. * * *

As of May 1, 1967, the above regulations were amended to read as follows:

Sec. 1.162-5. Expenses for education.

(a) *General rule.* Expenditures made by an individual of education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—

(1) Maintains or improves skills required by the individual in his employment or other trade or business, or

(2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.

(b) *Nondeductible educational expenditures*—(1) *In general.* Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations.

\* \* \* \* \* \* \*

(3) *Qualification for new trade or business.* (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. The following are examples of changes in duties which do not constitute new trades or businesses:

(a) Elementary to secondary school classroom teacher.

(b) Classroom teacher in one subject (such as mathematics) to classroom teacher in another subject (such as science).

(c) Classroom teacher to guidance counselor.

(d) Classroom teacher to principal.

Petitioner relies alternatively on both the old and new regulations. We have held that this practice is permissible. *Ronald F. Weiszmann,* 52 T.C. 1106 (1969).

Turning first to the new regulations. They establish an objective test as to the deductibility of education expenses. Under subsection (b)(3) the Commissioner argues, petitioner may not claim the deduction because his attendance at law school was "part of a program of study being pursued by him which will lead to qualifying him in a new trade or business."

Petitioner seizes upon this same subsection and argues that he may take the deduction. This is so, he contends, because the language follow-

ing that quoted above, makes specific reference to teachers, considering all teaching and related duties to involve the same type of work. Petitioner says this shows a liberalization of the rules on the deductibility of education expenses for teachers, in that under the regulations a change of duties is not a new trade or business if the new duties involve the same general type of work as the old. This he says is a relaxation of the requirements for deductibility, in recognition of the fact that "all education which a teacher receives greatly expands his knowledge and * * * both maintains and improves his teaching skills."

While this Court is certainly in favor of the maintenance and improvement of our education system, we are still mindful of the fact that deductions are dependent on the express provisions of the Code. Petitioner is claiming these expenses as business expenses; therefore, they must be ordinary and necessary expenses of carrying on a trade or business, in this case the trade of a teacher. Petitioner must show a direct and proximate relationship between the education expenses and his employment. *Kornhauser* v. *United States*, 276 U.S. 145, 153 (1928) ; *James A. Carroll*, 51 T.C. 213 (1968), affd. 418 F. 2d 91 (C.A. 7, 1969) ; and *Robert Lee Henry*, 36 T.C. 879, 884 (1961). This petitioner has failed to do. He has failed to show any connection, aside from the remote or incidental one of broadening his general understanding and competency, between his general legal education and the maintenance or improvement of the *skills* required by him as a teacher. See *James A. Carroll, supra.*

We fail to see the requisite relationship between the legal skills garnered while in law school and the teaching skills required of his employment to enable petitioner to say that his legal education was directly and proximately related to his job as a teacher.

The required connection is not established, petitioner's argument to the contrary notwithstanding, because some of his students had been in trouble with the authorities or that he sought to promote good citizenship on the part of his students. We think that petitioner could have obtained the necessary knowledge to instill good citizenship from available publications which were offered at trial and which we have studied. True that the training one receives in law school theoretically equips the graduate with the tools necessary for the better solution of *various legal* problems. However, petitioner has not shown that his employment as a high school teacher required him to solve any legal problems.

The new regulations are interpretative, they do not change the overriding language of the Code. Under the old regulations, a general background knowledge of the law would not be sufficient to sustain a deduction. See *James A. Carroll, supra.* We do not believe that what-

ever, if any, liberalization was intended in the new regulations as to teachers, can do away with a showing of a direct and proximate relationship between the education and the employment.

Turning to the old regulations, petitioner must establish that he undertook his legal education *primarily* to maintain or improve the skills required in his employment. This showing of intent is to be gathered from all the facts and circumstances, *N. Kent Baker*, 51 T.C. 243, 247 (1968).

The deduction will be allowed if the education is *undertaken* primarily to maintain or improve the skills required in the employment. This we think necessitates an employment situation at the time the education is undertaken. When we look at petitioner at this critical time, he was not employed as a teacher. In fact he did not become so employed until 3 months after entering law school. Further, petitioner's initial application was for full-time day attendance and he "regretted" not being able to so attend. It thus seems incongruous that petitioner's primary purpose was to maintain or improve skills required in his employment, when in fact he had no employment at the time he decided to undertake a legal education.

We feel that petitioner undertook his legal education to fulfill his general educational desires. This is borne out by petitioner's continuous uninterrupted pursuit of formal education which shows "a continuing pattern of a person who was simply fulfilling his 'general educational aspirations or other personal purposes.' Sec. 1.162–5(b), Income Tax Regs." *N. Kent Baker*, 51 T.C. 243, 248.

*Decision will be entered for the respondent.*