HENRY C. and SHIRLEY M. REINHARD, JR., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reinhard v. Commissioner
Docket No. 2118-73.
United States Tax Court
T.C. Memo 1975-350; 1975 Tax Ct. Memo LEXIS 24; 34 T.C.M. (CCH) 1529; T.C.M. (RIA) 750350; December 8, 1975, Filed Henry C. Reinhard, Jr., and Shirley M. Reinhard, pro se. N. Steven New, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1971 in the amount of $386.41. The only issue for decision is whether expenses in the amount of $1,756.40 incurred by *25 petitioner in attending law school during 1971 are deductible as ordinary and necessary business expenses under section 162(a). [1]/ All the facts are stipulated. Petitioners, Henry C. and Shirley M. Reinhard, Jr., husband and wife, were legal residents of Houston, Texas, at the time the petition was filed. They filed a joint Federal income tax return for the taxable year 1971. Since 1960, Henry C. Reinhard, Jr., (hereinafter referred to as petitioner) has been engaged continuously in hospital administrative work. His positions of employment were as follows: Date
Position
Sept. 1960 to June 1963
Medical Administrative
Officer, United States
Air Force Hospital, San
Antonio, Texas
June 1963 to August 1964
Medical Administrative
Officer, United States
Air Force Hospital,
Thule, Greenland
August 1964 to July 1966
Chief Administrative Sup-
port Branch, United
States Air Force School
of Aerospace Medicine,
San Antonio, Texas
July 1966 to June 1968
Administrative Assistant
to a professor of medicine,
Baylor University College
of Medicine, Houston,
Texas
July 1968 to June 1973
Administrative positions
within St. Luke's Episcopal
Hospital, Texas Children's
Hospital, and Texas Heart
Institute, Houston, Texas
June 1973 to date of
Hospital Administrator, Fort
trial
Worth Children's Hospital,
Fort Worth, Texas
*26 Petitioner met the initial minimum qualifications for the position of Assistant Administrator of St. Luke's Episcopal Hospital, Texas Children's Hospital, and Texas Heart Institute by virtue of his receiving a Bachelor of Business Administration Degree in Economics and Finance from the University of Houston in January 1969 and his record of increasingly responsible positions in the health care field during the preceding 10 years. From the outset of his employment with St. Luke's Hospital, Texas Children's Hospital, and Texas Heart Institute, however, his continued employment at those institutions was contingent upon his successful pursuit of a Juris Doctor degree. During 1971, as Assistant Administrator of St. Luke's Episcopal Hospital, Texas Children's Hospital, and Texas Heart Institute, petitioner's duties included administrative management of clinical research programs requiring timely development of special account forms to protect the interests of the hospitals and the doctors involved in the development of innovative surgical prostheses and techniques, as well as management of the hospital's involvement in adoptions, child abuse cases, and personal injury claims against *27 the hospital. In February 1969, petitioner enrolled as a night law student at South Texas College of Law in Houston, Texas, and was continuously enrolled thereafter until August 1972, when his course of study culminated in his receiving a Juris Doctor degree from South Texas College of Law, Houston, Texas. During the spring, summer, and fall semesters of 1971, petitioner completed the following courses: Course
Semester Hours
Spring
Procedure III
4
Real Property II
4
Moot Court
1
Summer
Legal Writing II
1
Moot Court
1
Legal Ethics
1
Legal Medicine
3
Insurance
2
Fall
Bills and Notes
3
Moot Court
1
Family Law
2
Evidence
4
Petitioner's completion of his legal education in 1972 enabled him to meet the minimum educational requirements for qualification to practice law in the State of Texas. In 1972, petitioner took and passed the Texas State Bar examination and became a member of the Texas Bar. In connection with his attendance at the South Texas College of Law in 1971, petitioner incurred the following expenses: Tuition
$1,493.00
Books and Course Material
263.40
Total
$1,756.40 On their joint income tax return for 1971, *28 petitioners claimed a deduction for this total amount as a business expense deduction under section 162(a). Section 162(a) allows deductions for "ordinary and necessary" business expenses but says nothing specifically about educational expenses. The Income Tax Regulations have interpreted that section, however, to permit the deduction of educational expenses if the education maintains or improves skills required by the individual in his employment or other trade or business or meets the express requirements of his employer. Sec. 1.162-5(a), Income Tax Regs. However, this general rule applies only if the expenditures do not fall within specified nondeductible categories. The nondeductible category with which we are concerned is "expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." Sec. 1.162-5(b)(3)(i), Income Tax Regs. Such outlays are nondeductible "personal expenditures or constitute an inseparable aggregate of personal and capital expenditures." Sec. 1.162-5(b)(1), Income Tax Regs. Accordingly, sections 262, relating to personal expenses, and 263, relating to capital *29 expenditures, must be read in conjunction with section 162(a) in testing the deductibility of educational expenses. The standards laid down by those regulations are objective ones, and they require the disallowance of petitioner's law school expenses in 1971 even though, it is stipulated, "his continued employment" with the institutions where he was then working "was contingent upon his successful pursuit of a Juris Doctor degree." Indeed, an example in the regulations deals specifically with a situation where a taxpayer's employer requires him to obtain a law degree and the taxpayer intends to continue working in his nonlegal profession. The regulation specifies that, in these circumstances, "the expenditures made by * * * [the taxpayer] in attending law school are not deductible since this course of study qualifies him for a new trade or business." Sec. 1.162-5(b)(3)(ii), Income Tax Regs.
The stipulated facts place petitioner's case squarely within the language of these regulations. Since the law courses he was taking were part of a program designed to qualify him for a new profession, his law school expenses are not deductible regardless of whether or not he intends to enter *30 the legal profession. See David N. Bodley,56 T.C. 1357, 1361 (1971); Jeffry L. Weiler,54 T.C. 398 (1970); Burke W. Bradley, Jr.,54 T.C. 216 (1970); Ronald F. Weiszmann,52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). Petitioner recognizes that these regulations dictate denial of the claimed deductions, but he attacks the validity of the regulations on three grounds. First, he points out that regulations promulgated in 1958 provided for a subjective or a "primary purpose" test for determining whether educational expenses were deductible, and the validity of those regulations was upheld. Yet in 1967 the regulations were amended (T.D. 6918, 1967-1 C.B. 36) to impose an "objective" test, described above, even though section 162(a) was not changed. Clearly, petitioner argues, both sets of regulations can not be valid. This Court answered a similar argument in Morton S. Taubman,60 T.C. 814, 817-818 (1973), involving an accountant claiming deductions for law school expenses as follows: * * * respondent has a long and well-recognized ability to change regulations, *31 despite a lack of change in statutory language, and then to apply such altered regulations, prospectively; assuming, of course, that the new regulations are valid interpretations of the statute. * * * This is precisely what respondent has done in the instant case. * * * Second, petitioner maintains that section 1.162-5(b)(3), Income Tax Regs., bases its restrictions on the potential for qualification for a new trade or business whereas section 162(a) confines its consideration to whether or not the expenditures are ordinary and necessary during the taxable year in which they are incurred. On this ground, petitioner argues, the regulation is invalid. However, petitioner errs in his view that the long-term utility of an expenditure may not be taken into account in testing its deductibility under section 162(a). Indeed, under section 263, usefulness beyond the taxable year is an important element in determining whether an item is a business expense or a capital expenditure. Cf. sec. 1.263(a)-2, Income Tax Regs. In David N. Bodley,supra at 1361, the Court said: * * * expenses incurred in the pursuit of education designed to qualify an individual to enter a new *32 trade or business are not deductible; because, in the words of the regulation, they are "personal expenditures" or "an inseparable aggregate of personal and capital expenditures"--nondeductible under either section 262 or 263 or both. * * * Even if an individual taking a course which both qualifies him for a new profession and improves his skills and earning power in his current field of endeavor does not intend to enter the new profession, his purpose and intention may change. He may later decide to enter the new profession. * * * Petitioner's third argument is that his law school expenses are deductible under section 162(a) as an expense of his business of working as a hospital administrator in 1971 even though they coincidentally qualified him for a new profession. This argument has been adequately answered by the above quotation from David N. Bodley,supra; see also Jeffry L. Weiler,supra at 401-402. Since petitioner's law school work obviously had substantial long-term utility apart from its assistance in his job as a hospital administrator, we can not say that denial of the claimed deduction in accordance with the objective standards *33 of the regulations involves an arbitrary application of sections 162(a), 262, and 263. The Commissioner's regulations must be sustained unless they are plainly at variance with the statute. Commissioner v. South Texas Co.,333 U.S. 496, 501 (1948). Our role in cases challenging the validity of regulations "begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner." United States v. Correll,389 U.S. 299, 307 (1967). In each of the above-cited opinions of this Court, the education expense regulations here challenged were sustained in denying the deductibility of law school expenses in factual situations not materially different from the present one. We must adhere to those opinions. Decision will be entered for the respondent.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect for the year in issue, unless otherwise noted.