JAMES and MAUREEN DUFFEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duffey v. Commissioner
Docket No. 4993-75.
United States Tax Court
T.C. Memo 1977-143; 1977 Tax Ct. Memo LEXIS 297; 36 T.C.M. (CCH) 609; T.C.M. (RIA) 770143; May 12, 1977, Filed James Duffey, pro se. Rick K. Budd, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $509.98 in petitioners' Federal income tax for 1972. Due to concessions, the sole issue remaining for decision is whether petitioners are entitled to deduct certain educational expenses incurred by petitioner James Duffey in 1972 as ordinary and necessary business expenses under section 162(a). [1]
FINDINGS OF FACT Certain facts were stipulated and are so found. Petitioners James Duffey and Maureen Duffey are husband and wife, who at the time of filing the petition *298 herein, resided in St. Paul, Minnesota. Petitioners filed their joint Federal income tax return for 1972 in accordance with the cash receipts and disbursements method of accounting. Maureen Duffey is a party solely by virtue of having filed a joint return with her husband, James, and he will be referred to hereinafter as petitioner. In September of 1966, petitioner was admitted to the University of Minnesota (hereinafter the University) pursuant to a special policy for applicants who did not possess a high school diploma. Subsequently, on November 11, 1966, petitioner secured employment as a pressman at Northwest Publications, Inc., (hereinafter Northwest). While Northwest preferred to employ high school graduates and petitioner's supervisor was pleased with petitioner's decision to further his education, the organization did not require petitioner to attend the University or obtain a college degree as a condition of his employment. Petitioner's duties as a pressman for Northwest included plating up a printing press, placing the paper in it, mixing the ink for a particular press run, and turning the machine on. From 1966 through 1972 petitioner continued his education *299 at the University during the day, while devoting his evenings during most of this period to his employment at Northwest. [2]
Petitioner's educational pursuits during this period were part of a program of study leading to a Bachelor of Science degree. The transcript of petitioner's college record indicates that he received an associates degree in liberal arts in 1970 and a bachelor of science degree in 1973. In 1972, the year in issue, petitioner incurred educational expenses in the amount of $1,193 for courses that he attended at the University during the school's spring and fall term of 1972 and winter term of 1973. The majority of these courses were in biology, chemistry, and related subjects, or represented student teaching activities by petitioner. On his Federal income tax return for 1972, petitioner deducted the amount thus expended as an educational expense. OPINION The issue presented is whether any portion of the $1,193 expended *300 by petitioner during 1972 for his education is deductible as ordinary and necessary business expense. Section 162(a) provides a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Since the statute does not explicitly address educational expenses, the regulations take on an added significance in this area. Bradley v. Commissioner, 54 T.C. 216 (1970). With respect to such expenses, sec. 1.162-5(a), Income Tax Regs., provides as follows: Expenses for education.--(a) General Rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the *301 individual of an established employment relationship, status, or rate of compensation. Thus, petitioner must establish that each of the courses in question and his student teaching activities satisfies one of the above proximity requirements to entitle him to any portion of the claimed deduction. This, he has failed to do. Petitioner has not produced any evidence to establish a nexus between any of the courses he took during the relevant period and his employment at Northwest. Therefore, we must assume that petitioner does not contend that such courses directly improved or maintained his job skills as a pressman. Jungreis v. Commissioner,55 T.C. 581 (1970). Nor has petitioner established any connection between any of the courses he took during the relevant period and the retention of his established employment relationship, status, or rate of compensation as a pressman. Northwest did not require petitioner to attend the University, though it did prefer to employ high school graduates. Furthermore, as petitioner was not required to possess a high school diploma to gain employment at Northwest in 1966, we find it inconceivable that he was required to continue *302 his college education some six years later as a condition of his continued employment. [3] In view of the foregoing, we conclude that petitioner's education expenses were not directly related to his employment and therefore constitute nondeductible personal expenses. Having concluded that petitioner failed to establish the proximity between his educational expenditure in 1972 and his trade as a pressman, we need not consider whether the claimed expenses are nondeductible by virtue of section 1.162-5(b), Income Tax Regs.[4]
Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Sometime prior to 1972 petitioner took a year's leave of absence from his employment at Northwest Publications, Inc. By 1972, petitioner had returned to work and was employed as a pressman at Northwest during all of that year.↩
3. Indeed, the record indicates that petitioner was not under any compulsion whatsoever to attend the University in 1972.↩
4. On brief, petitioner maintains for the first time that paper money issued by the Federal Government is not "lawful" money since it is not convertible into gold or silver. Hence, petitioner concludes that he owes no taxes in any event. In addition to petitioner's failure to properly raise such an issue, his argument lacks substance. Gajewski v. Commissioner,67 T.C. 181↩ (1976).