DAVID L. REED and MARY JANE HAMILTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reed v. Commissioner
Docket No. 6738-77.
United States Tax Court
T.C. Memo 1978-364; 1978 Tax Ct. Memo LEXIS 150; 37 T.C.M. (CCH) 1508; T.C.M. (RIA) 78364; September 13, 1978, Filed Mary Jane Hamilton, pro se. Bryce A. Kranzthor, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioners' 1973 and 1974 Federal income taxes in the amounts of $ 81 and $ 196, respectively. Concessions having been made, the sole issue for decision is whether Mary Jane Hamilton (hereinafter petitioner) is entitled to deduct under section 162(a)[1] expenses incurred in obtaining a law school education. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. At the time of filing the petition herein, Mary Jane Hamilton and David L. Reed, husband *151 and wife, resided in Sacramento, Calif. The couple timely filed joint income tax returns for 1973 and 1974 with the Internal Revenue Service Center in Fresno, Calif.
In 1960 petitioner was awarded a bachelor of arts degree from Siena Heights College. Continuing her education, petitioner received a masters degree in history from Catholic University of America in 1962 and a Ph.D. in history in 1964. In September 1965 petitioner became an assistant professor in the history department at California State University in Sacramento, Calif. (hereinafter CSU-S). Subsequently, petitioner was given tenure by the history department at CSU-S and was promoted to associate professor in September 1969. In 1971 petitioner was granted partial leave from her teaching duties at CSU-S to pursue a degree in law. She enrolled in law school at the University of California at Davis, Calif. in September 1971. To enable her to attend law school full time, petitioner's leave was extended to include 1972, 1973 and 1974. While in law school in 1973 and 1974 petitioner took the following courses: Civil Procedure, Community Property, Comparative Law, Constitutional Law, Criminal Law, Criminal Procedure, *152 Evidence, Family Law, Juvenile Law Seminar, Jurisprudence and Legal History. In addition, petitioner was editor of a law review volume dedicated to family law. Since petitioner's legal studies were determined by CSU-S to be valuable to CSU-S, petitioner was deemed eligible for and actually awarded several promotions for merit during 1973 and 1974. Petitioner received the degree of Juris Doctor from the University of California at Davis in June 1974. Following graduation and successful completion of the California bar examination, petitioner was admitted to the State of California Bar in June 1975. Since her admission, petitioner has been an active member of the California Bar but she has never represented clients for fees. After obtaining her law degree, petitioner returned to CSU-S and resumed teaching and has continued to do so until the present time. From 1965 to 1975 petitioner taught the following courses at CSU-S: History 104: Western Civilization; History 114 A-B: Medieval Europe; and History 196: The Status of Women in the 12th Century. During 1975 and 1976 petitioner taught History 114 A-B and Criminal Justice 196: The History of Women and the Law. In 1976 *153 and 1977 petitioner taught History 114 A-B and Criminal Justice 79: Evidence. In 1977 and 1978 petitioner taught: History 114 A-B; History 196: A History of Marriage Law; and Criminal Justice 79. On their 1973 and 1974 joint income tax returns, petitioners claimed as educational expense deductions the amounts of $ 1,715 and $ 772, respectively, which amounts petitioner expended while she attended law school. In the statutory notice issued to petitioners, respondent disallowed the deductions in their entirety. OPINION The sole issue for decision is whether petitioner is entitled to deduct her law school expenses incurred during 1973 and 1974 as ordinary and necessary business expenses under section 162(a). Because section 162(a) does not deal specifically with the deductibility of educational expenses, the regulations under this section take on added significance. [2]Bradley v. Commissioner,54 T.C. 216, 218 (1970). *154 Petitioner argues that since her legal education improved her skills as a college professor and because she studied law not as a new trade or business but as a substantive academic discipline, her expenses incurred while attending law school are deductible under regulation section 1.162-5(a). [3]
Respondent, on the other hand, contends that petitioner's law degree qualified her for a new trade or business and, therefore, her educational expenses are nondeductible under regulation section 1.162-5(b)(3). We agree with respondent. Section 1.162-5(a) of the regulations provides as a general rule that educational expenses are deductible as ordinary and necessary business expenses if the education maintains or improves employment skills. However, an exception to this general rule is found in regulation section 1.162-5(b)(3) which provides that if a course of study undertaken by an individual qualifies her for a new trade *155 or business, than her educational expenses are not deductible under section 162(a). This exception applies irrespective of whether the education maintains or improves her employment skills. Sec. 1.162-5(b)(1), Income Tax Regs.
While petitioner's legal education may have enhanced her skills as a teacher, we nonetheless find that petitioner falls within the "new trade or business" exception to the general rule. More specifically, the attainment by petitioner of her Juris Doctor degree made it possible for her to engage in the practice of law, a trade or business which is clearly a new trade or business for a college professor. Petitioner attempts to read a subjective test into respondent's regulations. She contends that because she studied law as a substantive academic discipline, returned to teaching after law school, and never practiced law, it cannot be said that she acquired a new trade or business. [4] However, the applicable test is no longer subjective. In 1967, regulation section 1.162-5 was amended to provide an objective test for determining the deductibility of educational expenses. [5]Bodley v. Commissioner,56 T.C. 1357, 1360 (1971); *156 Weiler v. Commissioner,54 T.C. 398, 401 (1970); Bradley v. Commissioner,supra, at 219. Applying this objective test here, it is sufficient that petitioner's legal education qualified her for a new trade or business and whether she actually engaged in the practice of law is immaterial. Bodley v. Commissioner,supra, at 1360.
Accordingly, we hold that petitioner's educational expenses are not deductible under section 162(a). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. In 1967 these regulations were amended effective for tax years beginning on or after January 1, 1968. T.D. 6918, 1967-1 C.B. 36; Rev. Rul. 68-191, 1968-1 C.B. 67.
The validity of these regulations, as amended, has been sustained. Melnik v. United States,521 F.2d 1065 (9th Cir. 1975); Bodley v. Commissioner,56 T.C. 1357, 1361 (1971); Weiler v. Commissioner,54 T.C. 398, 402 (1970); Weiszmann v. Commissioner,52 T.C. 1106, 1111 (1969), affd. per curiam 443 F.2d 29↩ (9th Cir. 1971).
3. We disagree with petitioner's additional contention that under these regulations teachers' educational expenses are to be treated as a special category wherein deductibility is favored. Bradley v. Commissioner,54 T.C. 216, 220↩ (1970).
4. Petitioner cited the following cases in support of her arguments: Greenberg v. Commissioner,367 F.2d 663 (1st Cir. 1966); Campbell v. United States,250 F. Supp. 941 (E.D. Pa. 1966); Frazee v. Commissioner,T.C. Memo. 1963-217.Unfortunately, for petitioner, these cases were decided prior to the amendment of these regulations in 1967 and, consequently, are of no help to petitioner. Weiler v. Commissioner,supra.↩
5. See n. 2, supra.↩