DONALD L. BOSWELL AND TERRI J. BOSWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boswell v. Commissioner
Docket No. 19633-80.
United States Tax Court
T.C. Memo 1982-627; 1982 Tax Ct. Memo LEXIS 122; 44 T.C.M. (CCH) 1524; T.C.M. (RIA) 82627; October 26, 1982. Donald L. Boswell, pro se. Michael J. Rusnak, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax for the taxable years 1977 and 1978 in the amounts of $355 and $513, respectively. The issues for decision are whether petitioners are entitled (1) to deduct educational expenses paid by the petitioner Donald L. Boswell as a business expense deduction under section 162[1] or (2) to exclude from *123 gross income amounts paid to him as reimbursement for these same educational expenses as a scholarship or fellowship under section 117. FINDINGS OF FACT Some of the facts have been stipulated.The stipulation of facts and stipulated exhibits are incorporated herein by this reference. Petitioners, husband and wife, filed joint Federal income tax returns for the taxable years 1977 and 1978. They resided in Veedersburg, Indiana, when they filed their petition in this case. The issues before us concern the educational expenses of Donald L. Boswell and all references to petitioner in the singular will refer to him. Donald L. Boswell was employed as an air traffic controller from June of 1970 until July of 1977. In July of 1977 he was medically disqualified from his position as an air traffic controller. Thereafter, in July of 1977, petitioner entered the Federal Aviation Administration's (FAA) Second Career Training Program (created by Public Law 92-297), [2] which authorized petitioner to receive his full salary as well as tuition reimbursement for educational expenses incurred in qualifying *124 for a new trade or business. During the years 1977 and 1978, the petitioner attended both DePauw University and the University of Central Florida, while pursuing a course of study leading to a Bachelor's Degree with a major in psychology. Petitioner received the same salary and benefits during the years 1977 and 1978 as he had previously earned for employment as an air traffic controller. During the years 1977 and 1978, petitioner paid educational expenses in the amounts of $2,033.59 and $1,820.70, respectively. The FAA reimbursed him for these expenses. On petitioners' 1977 and 1978 joint Federal income tax returns, petitioner claimed deductions for educational expenses in the amounts of $2,033.59 and $1,820.70, respectively, for the taxable years 1977 and 1978. The Commissioner, in his statutory notice of deficiency, disallowed petitioner's claimed educational expense deductions with the following explanation: The deductions of $1,820.70 and $2,033.59 shown on your 1977 and 1978 tax returns, respectively, as educational expenses are not allowable because it has not been established *125 that these expenses were incurred primarily to maintain or improve skills required in your present employment, trade, or business, or to meet the express requirements of your employer. Instead, the expenses were primarily for personal purposes or to fulfill general educational ambitions and, therefore, not deductible under section 162 of the Internal Revenue Code. Therefore, your taxable income is increased $1,820.70 for 1977 and $2,033.59 for 1978. OPINION The petitioner contends that the educational expenses claimed by him for the calendar years 1977 and 1978 are deductible because they were incurred as a result of a requirement of his employer and were not incurred for "personal purposes or to fulfill general educational ambitions…." Alternatively, petitioner alleges that the amounts paid by the FAA to him to reimburse him for educational expenses incurred by him are excludable from income as a scholarship under section 117. Respondent contends that the educational expenses claimed by the petitioner are not deductible because they were primarily for personal purposes or to fulfill general ambitions. Respondent further maintains that the amount paid *126 by the FAA to the petitioner as reimbursements for educational expenses paid by the petitioner are not eligible for the exclusion under section 117 as a scholarship or fellowship. Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred by a taxpayer during the taxable year in carrying on his trade or business. This section does not directly address educational expenses. In light of this, the regulations, which expressly deal with educational expenses, take on added significance. Bradley v. Commissioner,54 T.C. 216, 218 (1970). Section 1.162-5(a), Income Tax Regs., sets forth objective criteria for determining whether amounts expended for education are ordinary and necessary expenses incident to a taxpayer's trade or business. Bodley v. Commissioner,56 T.C. 1357, 1360 (1971). [3] As a general rule, educational expenses are deductible if the education maintains or improves the skills required by the taxpayer in his employment or other trade or business, or if the education meets the express requirements of the taxpayer's employer imposed as a condition to the retention of his employment relationship, status, *127 or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. A deduction is not allowable, however, if such education is part of a program which will lead to qualifying the taxpayer in a new trade or business, even though the education maintains or improves skills, or is expressly required by an employer. Sec. 1.162-5(b), Income Tax Regs.
The petitioner's educational expenses were paid in connection with his pursuit of a degree in psychology under the FAA's Second Career Training Program. This course of study in psychology was part of a program of study which will lead to qualifying him in a new trade or business.This finding is supported by the fact that the purpose of the program and his course of study was to prepare him for a new career. Accordingly, the petitioner's educational expenses do not qualify as a deduction under section 162. Petitioner's second argument is that the reimbursements for his educational expenses are excludable from income as a scholarship under section 117. Section 117(a) provides that gross income does not include any amount received by an individual as a scholarship or as *128 a fellowship grant. Although neither "scholarship" nor "fellowship grant" is defined by statute, both words are defined in general terms in section 1.117-3(a) and (c), Income Tax Regs., as amounts paid or allowed to, or for the benefit of, a student or individual to aid him in the pursuit of his studies or research. Section 1.117-4(c)(1), Income Tax Regs., however, further provides that payments or allowances are not to be considered as a scholarship or as a fellowship grant for the purposes of section 117 if any amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor. The Supreme Court, in Bingler v. Johnson,394 U.S. 741, 751 (1969), upheld the validity of section 1.117-4(c), Income Tax Regs., and stated that the definitions supplied by section 1.117-3
are prima facie proper, comporting as they do with the ordinary understanding of "scholarships" and "fellowships" as relatively disinterested, "no strings" educational grants, with no requirement of any substantial quid pro quo from the recipients. In Gallagher v. Commissioner,75 T.C. 313 (1980), *129 we considered whether payments received by an air traffic controller under the same Second Career Training Program that is before us today were to be excluded from gross income on the basis that such payments were workmen's compensation or in the nature of workmen's compensation. We found the payments to be more in the nature of compensation for the hazardous nature of the work and fully taxable. In the instant case we are considering payments identical to those we considered in Gallagher v. Commissioner,supra.We find them to be payments for services previously rendered and taxable for the reasons stated in Gallagher.[4]
We have held for the respondent on the legal issues of this case. The Commissioner's notice of deficiency, however, was in error. The petitioners claimed educational expense deductions of $2,033.59 in 1977 and $1,820.70 in 1978. The notice of deficiency reverses these figures by disallowing the petitioner's claimed educational expense deductions *130 in the amount of $1,820.70 for 1977 and $2,033.59 for 1978. To correct this obvious error in the notice of deficiency, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Act of May 16, 1972, Pub. L. 92-297, 86 Stat. 141, 5 U.S.C. Sec. 2101↩.
3. Pedolsky v. Commissioner,T.C. Memo. 1982-157↩.
4. Walker v. Commissioner,T.C. Memo. 1982-33; Watson v. Commissioner,T.C. Memo. 1981-465; Albertini v. Commissioner,T.C. Memo. 1981-619↩.