ROBERT L. EDWARDS and SHERRY EDWARDS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Edwards v. Commissioner
Docket No. 18258-81.
United States Tax Court
T.C. Memo 1983-413; 1983 Tax Ct. Memo LEXIS 378; 46 T.C.M. (CCH) 768; T.C.M. (RIA) 83413; July 18, 1983. *378 Held, petitioner's costs of attending law school in 1977 are not deductible. Section 1.162-5(a), Income Tax Regs.Held further, amounts deductible for the purchase of books and publications useful in petitioners' businesses in 1977 and 1978 determined. Held further, additions to tax under section 6653(a), I.R.C. 1954, for 1977 and 1978 imposed. Robert L. Edwards and Sherry Edwards, pro se. Neal O. Abreu, for the respondent. NIMS
NIMS, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax, as follows. Additions to Tax
Year
Deficiency
Section 6653(a) [1]
1977
$4,083
$204
1978
2,658
132
The issues for decision are 1) whether petitioners may deduct part of the cost of attending law school as a business educational expense in 1977, 2) whether petitioners have substantiated any amount of deductible professional library expenses in 1977 and 1978 and 3) whether the additions to tax under section 6653(a) were properly imposed for 1977 and 1978. Some of the facts have been stipulated. The stipulation and the exhibits attached thereto are incorporated herein by reference. To facilitate disposition of the issues, our findings of fact and opinion are combined. Petitioners Robert L. Edwards (hereinafter "petitioner") and Sherry Edwards, husband and wife, *380 resided at San Francisco, California, at the time they filed the petition. On their 1977 and 1978 income tax returns, petitioners deducted $17,428 and $13,700, respectively, as charitable contributions to The Cathiest Assembly. In his statutory notice of deficiency, respondent disallowed these deductions on the grounds 1) that The Cathiest Assembly is not a separate entity from petitioners, 2) contributions to The Cathiest Assembly did not meet the requirements of section 170(c) and 3) any contributions made by petitioners to The Cathiest Assembly were entirely returned, directly or indirectly to petitioners. In their petition, petitioners argued that the disallowed contributions were to a valid chapter of the Universal Life Church. Petitioners are now willing to concede the non-deductibility of these alleged charitable contributions so long as we find that the respondent is not barred from determining deficiencies attributable thereto by virtue of respondent's conduct prior to the filing of the petition herein.
Petitioners allege that respondent violated due process and his own administrative procedures by not affording them a proper audit or proper review hearing before the *381 filing of the petition. Petitioners contend that such violations require us to issue an order preventing respondent from proceeding with the instant case. We disagree. As we pointed out at the trial of this case, the Tax Court does not review respondent's individual determinations of tax liability under the Administrative Procedure Act, 5 U.S.C. section 706 (1976). O'Dwyer v. Commissioner,266 F.2d 575, 580 (4th Cir. 1959), affg. 28 T.C. 698 (1957). Further, because a Tax Court proceeding is a trial de novo, we do not generally look behind a deficiency notice "absent substantial evidence of unconstitutional conduct on respondent's part which would impugn the integrity of this Court if he were allowed to benefit from it." Riland v. Commissioner,79 T.C. 185, 201 (1982); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974); Human Engineering Institute v. Commissioner,61 T.C. 61, 66 (1973). We noted in Riland v. Commissioner,supra, that respondent's violations of his own post-audit review procedures do not rise to the level of constitutional *382 due process violations. But even if such alleged procedural violations could amount to due process violations, respondent in this case would attain no benefit thereby because petitioners are entitled to a trial de novo in this Court. Petitioners, in the end, have not suffered "actual prejudice" from respondent's actions. See Riland v. Commissioner,supra at 197. It follows that petitioners have not established an entitlement to due process clause relief. Having resolved this preliminary issue in favor of respondent, we conclude that petitioners have conceded the charitable contribution issue. Turning to the substantive issues not conceded, the first question presented is whether a part of petitioner's costs of attending law school in 1977 is deductible as a business expense. From June, 1971, until January, 1980, petitioner was a full-time policeman employed by the Oakland Police Department. During 1977 he was a sergeant, and his duties included personnel matters and training. During the years 1973 through 1981, petitioner also taught various classes at Golden Gate University in San Francisco. He usually taught one undergraduate class each spring. *383 At various times he taught an international relations course called Model United Nations, a course in the philosophy of policing and a course called Contemporary Topics in Law Enforcement. Petitioner attended a four-year night program at Golden Gate Law School from August, 1976, until May, 1980, when he graduated. He successfully applied to the Oakland Police Department to receive partial reimbursement for the tuition costs of approximately one-quarter or one-third of his law school courses. The Oakland Police Department's policy was to award reimbursement when the subject matter of the course pertained directly to the employee's duties and the City would benefit from his training in the course. Petitioner twice took the California Bar Examination and twice failed. He passed the Oklahoma Bar in July, 1981, and was sworn in as an attorney in Oklahoma on October 2, 1981. In August, 1981, petitioner moved to Minnesota and took a full-time teaching position with the University of Wisconsin at Superior, Wisconsin. As of March, 1983, he was an assistant professor in the political science department responsible for coordinating the criminal justice program and teaching various *384 classes, among them: introduction to criminal justice, police-community relations, public administration, police administration, special topics in criminal justice, Federal court systems, corrections system, criminal law, criminal evidence and criminal investigation. At the time petitioner entered law school, he intended to continue as an employee of the Oakland Police Department. On their 1977 income tax return, petitioners deducted $1,108 as a business educational expense. This amount represented the cost of tuition, books and transportation ($1,717 in all) attributable to law courses which were considered reimbursible by the Oakland Police Department less the tuition reimbursement petitioner received for such courses ($609). Section 162(a) allows a deduction for all ordinary and necessary expenses of carrying on a trade or business. Section 1.162-5(a), Income Tax Regs., permits the deduction of education expenses, subject to certain exceptions, as business expenses if the education was undertaken to meet the express requirements of the taxpayer's employer or if it maintained or improved the skills required by the taxpayer in his employment or other trade or business. *385 One of the exceptions to the deductibility of educational expenses under section 1.162-5(a), Income Tax Regs., is that education expenses "made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business" are not deductible. Section 1.162-5(b)(3)(i), Income Tax Regs.
Petitioners argue that the law school courses maintained or improved petitioner's skills as a police officer. Respondent does not dispute this, but argues that the courses were part of a program of study which would lead to qualifying petitioner in a new trade or business. Consequently, respondent contends, the expenses are notwithstanding nondeductible. We agree with respondent. This Court has consistently disallowed education deductions taken by non-lawyers for the costs of attending law school courses. See, e.g., Bodley v. Commissioner,56 T.C. 1357 (1971); Weiler v. Commissioner,54 T.C. 398 (1970); Bradley v. Commissioner,54 T.C. 216 (1970); Weiszmann v. Commissioner,52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). In *386 these cases we held that law school courses were part of a program of study leading to qualification in a new trade or business. Petitioners attempt to distinguish these cases on several grounds. First, petitioners argue that they are only deducting part of the cost of law school. We fail to see, however, why an attempt to deduct part of a nondeductible expense is entitled to any better treatment than an attempt to deduct all of a nondeductible expense. Second, petitioners argue that petitioner has never practiced law and has never intended to do so. But as we have frequently noted, the test set down by the regulation is an objective one; it is irrelevant that the taxpayer did not intend to or did not in fact carry on the new trade or business. Burnstein v. Commissioner,66 T.C. 492, 495 (1976); O'Donnell v. Commissioner,62 T.C. 781, 783 (1974), affd. without published opinion 519 F.2d 1406 (7th Cir. 1975); Bodley v. Commissioner,supra at 1360-1361. Finally, petitioners argue that their deduction should not be disallowed because of a mere incidental qualification for a new trade or business. Sitting three *387 times for the bar exam in two different states, however, hardly indicates to us that becoming a lawyer was a mere incidental occurrence in Robert's life. We find the instant case legally indistinguishable from the previous cases disallowing the costs of taking law school courses to those not yet in the profession. Consequently, petitioners are not entitled to deduct any of the claimed law school expenses. The next issue for decision is the amount of business library expenses petitioners have substantiated in the years 1977 and 1978. On their 1977 and 1978 income tax returns, petitioners deducted $344 and $565, respectively, as the cost of additions to their "professional library." Respondent disallowed these amounts entirely in the statutory notice on grounds of lack of substantiation. At trial, petitioner testified that the amount of library expenses deducted each year was calculated by adding up a stack of receipts accumulated over the year. Petitioners did not, however, maintain a list of books actually purchased. After listening to this testimony and a description of some of the books in petitioners' professional library, we are satisfied that petitioners were entitled *388 to some deduction in each year under the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). The record was left open in this case for a brief period after completion of the trial to afford petitioners the opportunity to submit certain additional documents, which petitioners have done. Respondent has not objected to the introduction of this material. Petitioners submitted numerous checks, receipts and a partial list of books currently in their library. After reviewing this documentation, respondent on brief conceded that petitioners were entitled to business library expense deductions of $165.69 in 1977 and $260.29 in 1978. Our own review of this material convinces us that petitioners incurred at least $220 of deductible library expenses in 1977 and $370 of such expenses in 1978. Accordingly, petitioners are entitled to deductions in these respective latter amounts. [2]
The last issue involves the additions to tax under section 6653(a) for 1977 and 1978.Section 6653(a) provides for an addition to tax if "any part of any underpayment * * * of any [income] tax * * * is due to *389 negligence or intentional disregard of rules and regulations." The petitioners bear the burden of proving that the additions to tax do not apply. Luman v. Commissioner,79 T.C. 846, 860-861 (1982); Bixby v. Commissioner,58 T.C. 757, 791 (1972). Petitioners have presented no evidence on this issue. Their deductions for contributions to an alleged chapter of the Universal Life Church in 1977 and 1978 (now conceded as improper) coupled with their 1977 deduction of the cost of law school courses in the face of substantial contrary authority we think mandates the imposition of the negligence additions. We so hold. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. See Conley v. Commissioner,T.C. Memo. 1977-406↩.