CHARLES MELVIN WATKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watkins v. Commissioner
Docket No. 11678-88
United States Tax Court
T.C. Memo 1990-206; 1990 Tax Ct. Memo LEXIS 225; 59 T.C.M. (CCH) 466; T.C.M. (RIA) 90206; April 23, 1990, Filed Charles Melvin Watkins, pro se. David A. Breen and Daniel Guy, for the respondent. POWELL
MEMORANDUM OPINION AND FINDINGS OF FACT This case is before the Court on respondent's Motion for Partial Summary Judgment, filed May 5, 1989. The issue presented is whether petitioner is entitled to deduct under section 162 [1] the costs of taking law school courses. FINDINGS OF FACT Rule 121 provides that summary judgment may be granted "if the pleadings, *226 answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). A party opposing a motion for summary judgment cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). In considering a motion for summary judgment the Court "must construe the facts before us in a manner most favorable to the petitioner[s] as the party opposing the motion for summary judgment." Morrison v. Commissioner, 81 T.C. 644, 650-651 (1983), citing United States v. Diebold, 369 U.S. 654 (1962). After a review of the record in this case, we find that there is no genuine dispute of the relevant facts concerning the subject matter of respondent's Motion for Partial Summary Judgment. Petitioner has been a college professor for the past 24 years and during the years in question taught philosophy courses at Kutztown State University, Kutztown, Pennsylvania. In 1984, while on sabbatical, *227 petitioner took courses at the University of Idaho School of Law. Since the 1984-85 academic year, petitioner has continued to take law courses and, upon successful completion of all required courses, he will be awarded a Juris Doctor degree. Petitioner is expected by his employer to pursue graduate studies and, while he received approval from Kutztown University to "use law school credits for advanced graduate study," the university "did not expressly require the acquisition of a juris doctor degree." On his 1984 and 1985 Federal income tax returns, petitioner claimed deductions for the expenditures that he made while taking law courses in the respective amounts of $ 7,486.45 and $ 8,748.12. Respondent disallowed the deductions and issued a notice of deficiency on February 26, 1988. Petitioner filed a timely petition with this Court. When the petition was filed, petitioner resided in Fleetwood, Pennsylvania. OPINION Section 162 provides for deductions of amounts expended for ordinary and necessary business expenses. In certain situations, expenses incurred for education may qualify as an ordinary and necessary business expense. The expenses generally are deductible if *228 the education "(1) Maintains or improves skills required by the individual in his employment * * *, or (2) Meets the express requirements of the individual's employer * * *." Sec. 1.162-5(a)(1) and (2), Income Tax Regs. This general rule, however, applies only if the expenditures do not fall within specified nondeductible categories. Relevant here, the regulations provide that "expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business" are nondeductible. Sec. 1.162-5(b)(3)(i), Income Tax Regs. For example, the expenditures of an employee who is employed in a nonlegal profession, whose "employer requires him to obtain a bachelor of laws degree" and who "intends to continue practicing his nonlegal profession as an employee of such employer * * * are not deductible since this course of study qualifies him for a new trade or business." Sec. 1.162-5(b)(3)(ii), Example (2), Income Tax Regs. The validity of the regulations has been consistently upheld. E.g., Weiszmann v. Commissioner, 52 T.C. 1106, 1111 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971) *229 (patent trainee obtaining a law degree); Weiler v. Commissioner, 54 T.C. 398, 402 (1970) (accountant employed by the Internal Revenue Service obtaining a law degree); Melnik v. United States, 521 F.2d 1065 (9th Cir. 1975), cert. denied 425 U.S. 911 (1976) (same). We have also decided many cases involving teachers and professors pursuing law school courses and uniformly rejected the claimed deductions. E.g., Bradley v. Commissioner, 54 T.C. 216 (1970); Bodley v. Commissioner, 56 T.C. 1357 (1971); Reed v. Commissioner, T.C. Memo. 1978-364. There is not one fact in this case that provides a basis for distinguishing this case from the legion of cases that are directly on point and reject deductions based on educational expenditures for courses leading to a law degree. Respondent's Motion for Partial Summary Judgment will be granted, and An appropriate order will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in question. Rule references are to the Tax Court Rules of Practice and Procedure.↩